IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RICKY DAVIS**                                                                                     **PLAINTIFF**

**v.**                                                                                 **No. 4:13CV33-SA-JMV**

**FAYE NOEL, ET AL.**                                                                           **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Ricky Davis who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Davis alleges that the defendants were biased against him and drafted false Rule Violation Reports in retaliation for his successful defense of an earlier Rule Violation Report. The defendants have moved for summary judgment, Davis has responded, and the defendants have replied. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion for summary judgment will be granted and the instant case dismissed with prejudice for failure to state a claim upon which relief could be granted.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper

motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

On October 27, 2012, Officer Roberts issued a Rule Violation Report accusing Ricky Davis of stealing 15 pieces of chicken, a loaf of bread, 7 packs of sugar, and a pack of coffee. This Rule

Violation Report preceded the incidents giving rise to this case, but it is relevant to the actions of the defendants in their handling of the later Rule Violation Report involving a tray of peanut butter. On November 24, Kitchen Supervisor Wanda Spearman told Ricky Davis to take a pan of peanut butter and jelly to Unit 26. As Davis was doing so, defendant Nathan Harris saw him with the tray, stopped him, and accused him of stealing the peanut butter and jelly. Harris then ordered Davis to turn over the peanut butter tray. Davis tried to explain the situation, but the conversation quickly devolved into a shouting match, ending when Supervisor Spearman intervened. After this encounter, Harris issued two Rule Violation Reports against Davis: # 01268464 (for refusing Harris' order do turn over a tray of peanut butter and jelly), and # 01268465 (for threatening Officer Harris). Rule Violation Report # 01268464 (regarding the peanut butter) was dismissed on December 8, 2012, for procedural defects and because Wanda Spearman had given Davis permission to transport the tray of peanut butter and jelly. Rule Violation Report # 01268465 (making threats) was dismissed on December 1, 2012, solely because of a procedural defect. Thus, Davis received no punishment as a result of these Rule Violation Reports.

Defendant Nathan Harris also issued Davis a third Rule Violation Report (# 01268466 – for disruptive behavior) arising from an incident occurring one minute after the first shouting match over the peanut butter. At a December 17, 2012, hearing over which defendant Mary Diggs presided, Davis was found guilty of disruptive behavior. Warden Faye Noel upheld the guilty finding on appeal based upon the statements of Kitchen Supervisor Wanda Spearman – not Nathan Harris.

On November 29, 2012, five days after the confrontation in the kitchen, Nathan Harris spoke to Deputy Warden Turner regarding Davis' behavior during the kitchen incident. Turner then instructed Harris to accompany him to speak with Davis and terminate him from his kitchen job. After speaking with Davis, Turner and Harris conducted a strip-search, discovered tobacco on Davis'

person and, nearby, found what appeared to be marijuana.[1] Harris then issued two Rule Violation Reports against Ricky Davis: one for possession of marijuana (# 01255183) – and another for possession of tobacco (# 01255184). Mary Diggs also presided over the hearings on these two Rule Violation Reports and found Davis guilty of both infractions. The guilty findings were upheld by Warden Faye Noel on appeal – based upon the statement of Deputy Warden Turner (who ordered the search and was present for it) – not upon the statement of Nathan Harris. As a result of these events, Davis was removed from his kitchen job and reduced from B-Custody to C-Custody.

## Warden Faye Noel: *Respondeat Superior*

Warden Noel had neither direct involvement in the events giving rise to the Rule Violation Reports nor the issuance of the reports. She merely decided the appeal of the guilty findings. Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action pursuant to § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, Davis does not allege that Warden Noel had any personal involvement or was causally connected to the incident giving rise to the Rule Violation Reports. In addition, as an inmate has no constitutional right to a prison grievance procedure, he has no due process right to have a grievance resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374-375 (5th Cir. 2005). Thus, Davis' claims against Faye Noel must be dismissed for failure to state a claim upon which relief could be granted.

---

[1] At his *Spears* hearing, Davis testified that he, indeed had tobacco in his possession during the strip-search. Davis also testified that, during the strip-search conducted by Deputy Warden Turner, the marijuana was not on Davis' person, but on the floor nearby.

### Hearing Officer Mary Diggs: Conclusory Allegations

Ricky Davis alleges that Hearing Officer Mary Diggs found him guilty of the three rule violations at issue because she is biased against him. Davis has not, however, explained why Diggs might harbor such bias. As such, these allegations are conclusory in nature – and thus fail to state a claim upon which relief could be granted. *Mallard v. Cain*, 515 F.3d 379 (5th Cir. 2008), *Richardson v. Oldham*, 12 F.3d 1373 (5th Cir. 1994).

### Officer Nathan Harris: No Retaliation

Davis alleges that Harris issued the Rule Violation Reports in question out of a desire to retaliate against him. Davis believes the retaliatory motive arose when he successfully defended the Rule Violation Report (issued by Harris) alleging that Davis had stolen a tray of peanut butter. Prison officials may not retaliate against prisoners for exercising their constitutional rights. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). On the other hand, courts must view such claims with skepticism to keep from getting bogged down in every act of discipline prison officials impose. *Id*. The elements of a claim under a retaliation theory are the plaintiff's invocation of "a specific constitutional right," the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.*, "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995) (citations omitted ), *cert. denied*, 516 U.S. 1084, 116 S. Ct. 800, 133 L. Ed. 2d 747 (1996). A prisoner seeking to establish a retaliation claim must also show that the prison official's conduct was sufficiently adverse so that it would be capable of deterring a person of ordinary firmness from exercising his constitutional rights in the future. *Winding v. Grimes*, 4:08CV99-FKB, 2010 WL 706515 at 3 (S.D. Miss. Feb. 22, 2010); *citing Morris v. Powell*, 449 F.3d 682, 684–85 (5th Cir.2006) at 685. A single incident involving a minor sanction is insufficient to prove retaliation. *Davis v. Kelly*, 2:10CV271-KS-MTP (citing *Jones*

*v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999), 2:10CV271-KS-MTP, 2012 WL 3544865 *Id.*). Similarly, inconsequential (*de minimis*) acts by prison officials do not give rise to an actionable retaliation claim. *See Morris* at 685.

In this case, Ricky Davis must prove that he engaged in constitutionally protected activity (seeking redress for grievances), that Harris took retaliatory action, (issuing multiple meritless Rule Violation Reports), and that such action was taken "in an effort to chill [his] access to the courts or to punish [him] for having brought [a grievance]." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir.), *cert. denied*, 513 U.S. 926, 115 S. Ct. 312, 130 L. Ed. 2d 275 (1994); *see also Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1114 (5th Cir.1987). The showing in such cases must be more than the prisoner's "personal belief that he is the victim of retaliation." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995), *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Though not dispositive of a retaliation claim, *Cressionnie v. Hample*, 184 Fed.Appx. 366 (5th Cir. 2006), it is telling in this case that the infractions for which Davis was found guilty had merit. In addition, Davis was found not guilty on the other two infractions – refusing to turn over the peanut butter and using threatening language. Given Davis' Rule Violation Report a month earlier for stealing a large amount of food, Harris' suspicion about the peanut butter, though ultimately incorrect, was certainly warranted. Also, the Rule Violation Report for use of threatening language was dismissed due to a procedural flaw in the disciplinary process, not for want of merit. Further, when Warden Faye Noel ultimately upheld the guilty findings in three of the Rule Violation Reports, she did not do so based upon Harris' statements, but on the statements of others – who are not defendants in this suit (Kitchen Supervisor Wanda Spearman and Deputy Warden Turner).

At the *Spears* hearing, Davis testified that Deputy Warden Turner and Nathan Harris took him away from the kitchen area to conduct a strip-search. In addition, contrary to the allegations in his

complaint and statements in later pleadings, Davis admitted during his *Spears* hearing testimony that he was, indeed, guilty of possessing tobacco. He stated, however, that the marijuana was found on the floor nearby, not on his person, and thus does not believe Turner and Davis should have attributed it to him. The search was, however, initiated by Deputy Warden Turner, not Nathan Harris, though Harris was present. In addition, Davis has not contested the statement of Wanda Spearman that he became boisterous and disruptive during the kitchen incident. Thus, the record establishes that the Rule Violation Reports Harris issued were not "false;" nor were they issued in the absence of probable cause. This entire case is based upon the allegation that the Rule Violation Reports Nathan Harris issued were false; as such, the finding that they were meritorious completely undermines the factual basis for these claims.

As to the specifics of a retaliation claim, Davis met the first element by invoking a constitutional right (to seek redress for grievances). He has not, however, established any of the remaining elements. He has not shown that Harris was motivated by a desire to retaliate against him for defending the Rule Violation Report regarding peanut butter. Though Harris wrote the Rule Violation Reports for which Davis was found guilty, Davis has not shown that those Rule Violation Reports were false. Indeed, Davis admitted that he was guilty of one, and people other than Harris stated that Davis committed the other infractions. Finally, Davis has not shown that, but for the alleged retaliatory motive, the incidents would not have occurred.

The problem Davis faces in trying to establish a retaliation claim against Nathan Harris is that, in all three disciplinary proceedings, the statement that ultimately led to a guilty finding came from someone other than Harris. In each case, either Wanda Spearman or Deputy Warden Marshall Turner witnessed Davis' rule violations and issued statements confirming Davis' guilt. All Nathan Harris did in each case was to document that behavior in a Report. Wanda Spearman saw Davis' outburst in the

kitchen and had to intercede to calm him down. Her statement confirms this. After hearing of this incident, Turner believed the behavior serious enough to warrant removing Harris from his kitchen job and reducing his custody status. A strip-search conducted on Turner's authority revealed that Davis possessed tobacco on his person. Davis, himself, confirmed this. A search of the area nearby revealed what appeared to be marijuana, which Turner attributed to Davis. According to the disciplinary hearing records, Davis was ultimately found guilty of the marijuana possession charge based upon Turner's statement to that effect. Neither Spearman nor Turner is a defendant in this case. Davis has not alleged that either has a grudge against him; yet, both gave statements ultimately used to establish his guilt. Thus, Davis has not shown that, but for Harris' alleged retaliatory motive, he would not have been found guilty of the Rule Violation Reports. In the final analysis, Ricky Davis has shown only his personal belief that he is a victim of retaliation, and that is insufficient to support a retaliation claim under 42 U.S.C. § 1983. *Edwards*, 51 F.3d 577, 580 (5th Cir. 1995), *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). As such, Ricky Davis' allegation that Nathan Harris retaliated against him by filing "false" Rule Violation Reports will be dismissed for failure to state a claim upon which relief could be granted.

**Conclusion**

In sum, the motion by the defendants for summary judgment will be granted and the instant case dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 5th day of August, 2014.

                                           /s/ Sharion Aycock
                                           U.S. DISTRICT JUDGE